## Evans, Appellant, v. Quinlan, et al.

*Equity—Equity practice—Court and jury—Verdict of jury—Right to set aside—Requests—Taking of testimony—Adjudication—Discussion of points involved.*

1. In the trial of an equity case the testimony should be taken before the court if the case is not sent to a referee under the rules. It is irregular to appoint a "commissioner" to take testimony, but where the court has rejected the report of such commissioner, has sent the case to a jury to decide certain defined issues, and after receiving the verdict of the jury has rejected the same and made findings of fact and conclusions of law on the testimony taken before the court and jury, the decree will not be reversed by reason of such irregularity of proceeding. The verdict of the jury is not conclusive on the court and it may refuse to accept the findings thereof, where it believes the verdict to be against the weight of the evidence.

2. A chancellor may not be called upon by a request to find that certain testimony was presented upon a given issue; it is his duty to find all material disputed facts, but not what the proofs were in regard thereto.

3. Custom and good practice dictate that a chancellor shall incorporate in his adjudication a discussion of the salient points involved in the case, including, when useful, references to the testimony.

Argued February 17, 1913. Appeal, No. 203, Jan. T., 1912, by complainant, from decree of C. P. Schuylkill Co., July T., 1907, No. 3, in equity, decreeing specific performance in case of Elizabeth Evans, now Elizabeth

Holman, v. Julia Quinlan, Timothy Quinlan, her husband, and William C. Devitt. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Proceeding in equity by a bill and cross bill praying, respectively, for the cancellation of a deed and possession of premises, and for specific performance. Before BECHTEL, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned,* among others, were decree of the court and various findings of fact and law.

*George M. Roads,* with him *R. P. Swank,* for appellant.—As to the effect of the jury's verdict on the mind of the chancellor, whilst it is advisory, it is entitled to great weight and ought not to be lightly disregarded: Baker v. Williamson, 2 Pa. 116; Johns v. Erb, 5 Pa. 232; Watt v. Staake, 101 U. S. 254.

*John F. Whalen,* with him *W. C. Devitt,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 14, 1913:
The pleadings in this case consist of a bill and a cross bill. Elizabeth Holman, the appellant, was the plaintiff in the original bill and Julia Quinlan, one of the appellees, was the plaintiff in the cross bill. The controversy grew out of a sale of real estate made by the appellant to the appellee, and the principal dispute was over the amount of the consideration,—the former claiming that the property was sold for $1,400 subject to a mortgage and the latter that it was for $2,400 clear of all encumbrance. A portion of the consideration was paid in cash, a deed passed and possession of part of the property was taken thereunder, but the appellant retained possession of the remainder. Subsequently the appellee was informed that the grantor of the appellant

claimed that a forgery had been committeed in a deed dated in 1903 purporting to bear his signature and that the property had never been legally conveyed out of him. Owing to this and for other sufficient reasons, the balance of the purchase money was not paid, although, prior to the discovery of the alleged forgery the appellee had made a tender thereof. The appellant averred that the deed from her to the appellee had not been legally delivered, that possession had been surreptitiously taken thereunder, and that the full consideration had not been paid; she proffered a return of the purchase money paid on account, and prayed for cancellation of the deed and possession of the premises. In the answer and cross bill the appellee denied the material allegations of the appellant's bill and averred the facts essential to her side of the contention; she explained the delay in payment of the purchase-money on the ground that the appellant would not pay off the mortgage on the property or allow the full amount claimed by the mortgagee, owing to a dispute between herself and the holder of that encumbrance concerning the actual sum due thereon; again, because the appellant would not deliver possession of the whole premises, and, further, because one David J. George had claimed that he was the owner of the property at the time the appellant had deeded it to the appellee; she averred, however, that said George had since made and delivered a good and sufficient deed for the premises to the appellant. The cross bill tendered payment of the balance of the purchase money, and prayed that the appellant be required to make and deliver a valid deed to the appellee for the property in question and to account for the rents, and for such other and further relief as might be necessary.

The case was referred to a "commissioner" to take the testimony, but the court below refused to write an adjudication upon the evidence reported by him, and sent the cause to a jury to decide certain defined issues. When the jury rendered their verdict, which favored the

appellant, the court refused to accept the findings, stating, "We gave close attention to the introduction of the testimony during the trial of the cause and a careful consideration of the same has convinced us that the verdict should not be accepted by us as it is clearly against the weight of the evidence." The trial judge then filed two adjudications, in which he found, inter alia, that the appellant had agreed to sell the property to the appellee for $2,400 clear of all encumbrance and to give possession on the date of the delivery of the deed; that the appellant was to see to the adjustment of the dispute concerning the amount due on the mortgage, so that the item might be properly allowed to the appellee; that on June 29, 1904, the appellant had made legal delivery of her deed for the property to the appellee; that at the time of such delivery the appellant had received $375 in cash and had agreed that the property should be cleared of its encumbrances out of the remaining unpaid purchase money, after which the balance was to be paid to her; that the deed of 1903, from David J. George to the appellant, was a forgery and passed no title to her; "that subsequently to the making of the deed (of 1904) by the said (appellant) to the said (appellee) the said appellant procured from David J. George, the real owner of the premises,.......a genuine deed for the same, which deed is dated the 28th day of June, 1906;" that the delay in settlement was due to no fault of the appellee but was attributable entirely to the appellant. After stating conclusions of law found upon these facts the learned court below decreed that the appellant should remove from the property and account to the appellee for the rent; that the appellee should pay the appellant the net balance of purchase money over and above the encumbrances with interest, and should refund the taxes and water rent paid by the appellant during her period of occupancy; and that thereupon the appellant should make and deliver a good and sufficient deed to the appellee for the premises in controversy.

In view of the fact that the findings of a jury were refused by the court below, we have read all the testimony with even more than usual care; after so doing we cannot say that the trial judge was wrong in declining to accept the verdict of the jury or in deciding that the weight of the evidence called for the findings and conclusions stated by him.

It is true that the two adjudications contain inconsistent findings concerning the fact that a fraud was practiced by the appellant, yet, since the facts from which the conclusion of culpability was drawn were specifically found, we feel that this inconsistency was probably due to a clerical error.

No useful purpose would be served by the separate consideration of the numerous specifications of error, but it may not be amiss to state that the eleventh assignment does not show a proper request for a finding of fact. The request merely states or summarizes a portion of the testimony upon a point at issue. Under our practice a chancellor may not be called upon to find that certain testimony was presented upon a given issue; it is his duty to find all material disputed facts, but not what the proofs were in regard thereto either one way or the other. Custom and good practice, however, dictate that a chancellor shall incorporate in his adjudication a discussion of the salient points involved in a case, including, when useful, references to the testimony. The learned trial court in the present instance entirely neglected to give us the benefit of any discussion whatever.

Another matter to which we desire to call attention, is the manner in which the testimony was originally taken in the present case. Equity Rule 59 particularly provides that "The office of examiner to take testimony is hereby discontinued...... All testimony in cases in equity shall be taken in the same manner as is now practiced in courts of law, upon rule, commission, letters rogatory or in open court." This does not au-

thorize the appointment of an examiner under the title of "commissioner" or under any other designation. Where a case is not sent to a referee under the rules, the testimony of available witnesses must be taken in open court by the trial judge (Rule 60); and this course should have been pursued in the first instance in the present case. Of course, the chancellor had the right to submit the issues to a jury; but he had the further right to decline to accept their answers, for the equity rules particularly provide (Rule 72), "That these answers made to inform the conscience of the chancellor, shall not be binding upon him in any case." In conclusion, no question of jurisdiction was raised in the court below or in this court, and at the argument of the appeal counsel on both sides expressly stated that they desired all matters involved determined upon the merits of the case.

The assignments are overruled and the decrees are affirmed at the cost of the appellant.